IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CLESHAUN COX,<br><br>Defendant. | Case No. 2:23-cr-84 |



FILED
IN OPEN COURT

JUL 1 4 2023

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

## STATEMENT OF FACTS

The parties stipulate that the allegations contained in the Criminal Information and the following facts are true and correct, and that had this matter gone to trial, the United States would have proven each of them beyond a reasonable doubt.

1. At all times relevant to this offense, the defendant, CLESHAUN COX, served as an officer with the Portsmouth Police Department (PPD).

2. On May 27, 2019, and at all times relevant to this offense, the defendant was in uniform, on duty, and acting in his official capacity as a police officer.

3. On May 27, 2019, the defendant and a second PPD officer, Officer E.S., responded to a call for a noise complaint in a parking lot in Portsmouth, Virginia. Officer E.S. was the senior officer on scene.

4. When the defendant and Officer E.S. arrived, they encountered Victim 1, who was in the driver's seat of a parked car. The defendant examined Victim 1's driver's license. Accordingly, the defendant was aware that Victim 1 was a 17-year-old minor female.

5. Officer E.S. determined that Victim 1 had not violated any laws other than Portsmouth's then-applicable curfew for minors and told Victim 1 to go home. Victim 1 began

to drive toward her home with her friend, Witness 1, who was in the passenger seat of the car. Witness 1 was an 18-year-old female.

6. During the drive, Victim 1 and Witness 1 noticed that the defendant was following them in his marked PPD vehicle. When Victim 1 and Witness 1 stopped for gas, the defendant activated the blue lights on his vehicle and stopped his vehicle behind Victim 1's vehicle.

7. The defendant threatened to ticket Victim 1 for numerous minor offenses, including issues with her vehicle's headlights. The defendant threatened Victim 1 because he wanted to coerce her into sexual acts with him. The defendant instructed Victim 1 to drive Witness 1 home.

8. Victim 1 drove to her home in Portsmouth with Witness 1. The defendant followed Victim 1 to her home.

9. When Victim 1 and Witness 1 arrived at Victim 1's home, the defendant instructed Victim 1 to drive Witness 1 to her own home. Victim 1 complied and drove Witness 1 to her home.

10. At Witness 1's home, after Witness 1 had gone inside, the defendant instructed Victim 1 to drive to a nearby parking lot rather than return to her home. Victim 1 complied.

11. When Victim 1 and the defendant arrived at the parking lot, the defendant again threatened to ticket Victim 1. The defendant offered Victim 1 "a deal," by which she could have oral, vaginal, or anal sex with him in exchange for the defendant refraining from ticketing Victim 1.

12. Victim 1 stated that she did not want to engage in any sexual acts with the defendant. The defendant instructed Victim 1 to get into his marked PPD vehicle. Victim 1 complied because she feared the defendant and believed that she had no choice but to comply.

13. The defendant drove Victim 1 to an isolated area so that he could engage in sexual

acts with Victim 1 against her will. There, the defendant used his penis to penetrate Victim 1's vulva without her consent. The defendant did not use a condom. The defendant knew that Victim 1 did not want to engage in sexual acts with him, but he willfully coerced Victim 1 into doing so for his own sexual gratification. The defendant used his hands to move Victim 1's body into place and to push Victim 1 down. In so doing, the defendant used enough physical force to overcome or restrain Victim 1. The defendant's acts also resulted in bodily injury to Victim 1. The defendant did these acts even though he knew that what he was doing was wrong.

14. On or about May 27, 2019, the defendant gave a voluntary interview to PPD detectives. During that interview, the defendant falsely claimed that Victim 1 was eighteen years' old, when, as the defendant then well knew, Victim 1 was a minor; falsely claimed that Victim 1 offered the defendant oral sex, when, as the defendant then well knew, that never happened; and falsely claimed that he did not follow Victim 1 to her home, when, as the defendant then well knew, he did follow Victim 1 to her home.

15. The defendant, while acting under color of law, willfully deprived Victim 1 of her fundamental right to bodily integrity, a right secured and protected by the Constitution and laws of the United States, when he penetrated Victim 1's vulva with his penis without Victim 1's consent and without a legitimate law enforcement purpose. This act included aggravated sexual abuse and kidnapping and resulted in bodily injury to Victim 1.

Jessica D. Aber
United States Attorney

By: *[signature]*
E. Rebecca Gantt
Assistant United States Attorney


Kristen M. Clarke
Assistant Attorney General

By: *[signature]*
FOR Kathryn E. Gilbert
Special Litigation Counsel
Criminal Section
Civil Rights Division

After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, CLESHAUN A. COX, and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
CLESHAUN A. COX

I am Suzanne Katchmar, defendant's attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

_____
Suzanne V. Katchmar, AFPD
Attorney for CLESHAUN A. COX